Tara A. Currie (SBN 323984)
tcurrie@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, CA 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

*Attorneys for Plaintiff*
*Chanel, Inc.*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANEL, INC., a New York Corporation,<br><br>                Plaintiffs,<br><br>v.<br><br>FE CORPORATION, a California Corporation; FARSHAD NAJAFI, an Individual; MM CELL CORP d/b/a CUSTOM CASES PHONE REPAIR, a California Corporation;<br><br>                Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF:**<br><br>1. **FEDERAL TRADEMARK INFRINGEMENT**<br>2. **FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING**<br>3. **FEDERAL TRADEMARK DILUTION**<br>4. **TRADEMARK INFRINGEMENT UNDER CALIFORNIA COMMON LAW**<br>5. **UNFAIR COMPETITION CALIFORNIA UNFAIR BUSINESS PRACTICES ACT, CAL. BUS. & PROF. CODE, § 17200, *ET SEQ*.**<br>6. **UNFAIR COMPETITION UNDER CALIFORNIA COMMON LAW**<br><br>**[JURY TRIAL DEMANDED]** |

      Plaintiff Chanel, Inc. ("Plaintiff" or "Chanel") through their undersigned counsel, for their claims against Defendants FE Corporation d/b/a Custom Cases ("FE

1

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

Corp"), Farshad Najafi, and MM Cell Corp d/b/a Custom Cases Phone Repair ("MM Cell Corp") (collectively, "Defendants") respectfully alleges as follows:

## NATURE OF THE ACTION

1. This is an action for trademark counterfeiting, trademark infringement, trademark dilution, and unfair competition under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), and for related claims of trademark infringement and unfair competition under the statutory and common law of the state of California.

## JURISDICTION AND VENUE

2. Jurisdiction over the parties and subject matter of this action is proper in this Court pursuant to 15 U.S.C. § 1121(a), and 28 U.S.C. §§ 1331, and 1338(a).  This Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a).

3. This Court has personal jurisdiction over Defendants because Defendants are incorporated in California, domiciled and/or has committed acts of infringement in this District.

4. Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants reside in this judicial district and the events giving rise to the claims in this action occurred within this judicial district.

## THE PARTIES

5. Plaintiff Chanel, Inc. is a corporation duly organized under the laws of the State of New York with its principal place of business in the United States located at 9 West 57th Street, New York, New York 10019.

6. Upon information and belief, defendant FE Corp is a corporation duly organized and existing under the laws of the state of California, with a principal place of business located at 1151 Galleria Blvd #9007, Roseville, CA 95678.

7. Upon information and belief, defendant MM Cell Corp is a corporation duly organized and existing under the laws of the State of California, with a principal

place of business located at 910 Pleasant Grove Blvd #160, Roseville, CA 95678.

8. Upon information and belief, defendant Farshad Najafi is an individual residing at 108 Roberts Place, Roseville, CA 95661, and is the owner, director, and/or officer of FE Corporation and MM Cell Corp.

9. Plaintiff is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sue them by their fictitious names. Plaintiff will seek leave to amend this complaint when their true names and capacities are ascertained. Plaintiff is informed and believes, and based thereon alleges, that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

10. Plaintiff is informed and believes, and based thereon alleges, that at all relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Plaintiff further alleges that Defendants and DOES 1 through 10, inclusive, have a non-delegable duty to prevent and/or remedy such acts and the behavior described herein, which duty Defendants and DOES 1 through 10, inclusive, failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A. Chanel® and its World-Famous Chanel Marks

11. Chanel is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this judicial district, high quality fashion apparel and accessories, including, but not limited to bags, jewelry, wallets, scarves, sunglasses, hair accessories, phone accessories, watches, fragrance and beauty products under federally registered trademarks, including but not limited to the

Monogram, CHANEL, and other trademarks.

12. Chanel is the owner of various Chanel Marks, including but not limited to the following United States Trademark Registrations (the "Chanel Marks"):

| Trademark | U.S. Reg. No. | Reg. Date | Class(es)/Goods |
|---|---|---|---|
| CHANEL | 3,890,159 | 12/14/2010 | Class 9: Cases for telephones |
| (CC logo in circle) | 0,195,359 | 2/24/1925 | Class 3 |
| | 0,399,751 | 1/26/1943 | Class 3 |
| | 0,799,642 | 11/30/1965 | Class 3 |
| | 1,241,264 | 6/7/1983 | Class 25 |
| | 1,271,876 | 3/27/1984 | Class 25 |
| | 1,347,094 | 7/9/1985 | Class 3 |
| | 1,654,350 | 8/20/1991 | Class 21 |
| | 3,025,935 | 12/15/2005 | Class 20 |
| | 4,105,557 | 2/28/2012 | Class 35 |
| | 4,237,494 | 11/06/2012 | Class 24 |
| (CC logo) | 4,074,269 | 12/20/2011 | Class 9: Protective covers for portable electronic devices, handheld digital devices, personal computers and cell phones |
| | 6,336,660 | 4/27/2021 | Class 9: Protective cases for audio equipment in the nature of headphones. |

| | 1,501,898 | 8/30/1988 | Classes 6, 14, 25, 26 |
|---|---|---|---|

13. The Chanel Marks have been used in interstate commerce to identify and distinguish Chanel's high-quality clothing, handbags, jewelry, watches, hair accessories, phone accessories, fragrance and beauty products among other goods for an extended period of time.

14. The registrations for certain Chanel Marks listed above have incontestable rights under Section 15 of the Trademark Act (except for Reg. No. 6,336,660).

15. The Chanel Marks are a symbol of Chanel's quality, reputation, and goodwill. The Chanel Marks have never been abandoned.

16. Further, Chanel has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Chanel Marks. The Chanel Marks qualify as "famous marks" as defined in 15 U.S.C. §1125(c)(1).

17. Chanel has extensively used, advertised, and promoted the Chanel Marks in the United States in association with the sale of high clothing, jewelry, watches, handbags, hair accessories, phone accessories, fragrance, and beauty products among other goods, and has carefully monitored and policed the use of the Chanel Marks.

18. As a result of Chanel's efforts, members of the consuming public readily identify merchandise bearing the Chanel Marks, as being high quality merchandise sponsored and approved by Chanel.

19. Accordingly, the Chanel Marks have achieved secondary meaning as an identifier of high-quality clothing, handbags, jewelry, watches, hair accessories, phone accessories, fragrance, and beauty products among other goods.

**B.     Defendants' Acts of Infringement and Unfair Competition**

20. The present lawsuit arises from Defendants' design, manufacture, importation, distribution, advertisement, marketing, offering for sale, and/or sale of

phone accessory products that bear marks identical to, substantially indistinguishable from, or confusingly similar to the Chanel Marks (the "Accused Products"), several exemplars of which are shown below:





21. Upon information and belief, FE Corp operates a retail store, kiosk, and storage unit called "Custom Cases" inside the Arden Fair mall, located at 1689 Arden Way, Sacramento, CA 65815.

22. Upon information and belief, MM Cell Corp operates a retail store called "Custom Cases Phone Repair", located at 910 Pleasant Grove Blvd, Roseville, CA 95678.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

23. In or around October 2023, Chanel discovered the sale of one or more of the Accused Products at Defendants' Custom Cases and Custom Cases Phone Repair locations.

24. Defendants have no license, authority, or other permission from Plaintiff to use any of the Chanel Marks in connection with the designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale of the Accused Products.

25. Defendants has been engaging in the above-described illegal and infringing activities negligently and/or knowingly and intentionally, with reckless disregard or willful blindness to Plaintiff's rights, and/or with bad faith, for the purpose of trading on the goodwill and reputation of the Chanel Marks and Plaintiff's authentic products.

26. Defendants' activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Defendants, the Accused Products, and Chanel.

27. Upon information and belief, Defendants intends to continue to design, manufacture, advertise, promote, import, distribute, sell, and/or offer for sale the Accused Products.

28. As a result of Defendants' activities Plaintiff has suffered substantial damages and has suffered and continues to suffer irreparable injury without an adequate remedy at law.

### FIRST CLAIM FOR RELIEF

**(Trademark Infringement and Counterfeiting– 15 U.S.C. § 1114)**

29. Plaintiff repeats and realleges the allegations of the preceding paragraphs as though fully set forth herein.

30. Defendants without authorization from Chanel, have used and continue to use in commerce counterfeit (i.e., identical or substantially indistinguishable)

imitations of the federally registered Chanel Marks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods; and/or spurious designations that are confusingly similar to the Chanel Marks.

31. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendants' Accused Products originate from, or are affiliated with, sponsored by, or endorsed by Chanel.

32. Upon information and belief, Defendants have acted with knowledge of Plaintiff's ownership of the Chanel Marks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

33. Defendants' acts constitute trademark infringement and counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

34. Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which it is not in law or equity entitled.

35. Upon information and belief, Defendants intend to continue its infringing acts, unless restrained by this Court.

36. Defendants' acts have damaged and will continue to damage Chanel, and Chanel has no adequate remedy at law.

37. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the Chanel Marks or any other marks identical and/or confusingly similar thereto for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Plaintiff has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C. § 1117(c).

**SECOND CLAIM FOR RELIEF**

**(False Designation of Origin and False Advertising – 15 U.S.C. § 1125(a))**

38. Plaintiff repeats and reallege the allegations of the preceding paragraphs as though fully set forth herein.

39. Defendants' promotion, advertising, distribution, sale, and/or offering for sale of the Accused Products is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of the Accused Products, and is intended and likely to cause such parties to believe, in error, that the Accused Products have been authorized, sponsored, approved, endorsed or licensed by Plaintiff, or that Defendants is in some way affiliated with Chanel.

40. The foregoing acts of Defendants constitute a false designation of origin, and false and misleading descriptions and representations of fact, all in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

41. Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which it is not in law or equity entitled.

42. Upon information and belief, Defendants intends to continue its infringing acts, unless restrained by this Court.

43. Defendants' acts have damaged and will continue to damage Chanel, and Chanel has no adequate remedy at law.

44. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using any of the Chanel Marks and/or any marks identical and/or confusingly similar thereto, and to recover from Defendants all damages, including attorney's fees, that Plaintiff has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a).

### THIRD CLAIM FOR RELIEF

### (Federal Trademark Dilution - – 15 U.S.C. § 1125(c))

45. Plaintiff repeats and realleges the allegations of the preceding paragraphs as though fully set forth herein.

46. Chanel is the exclusive owner of the Chanel Marks.

47. The Chanel Marks are famous and distinctive within the meaning of Section 43(c) of the Lanham Act.

48. The Chanel Marks are all inherently distinctive marks that have been in use for many years and play a prominent role in Chanel's marketing, advertising, and the popularity of its products.

49. The Chanel Marks were famous long before Defendants began using unauthorized reproductions, counterfeits, copies, and colorable imitations of the Chanel Marks on infringing merchandise.

50. Defendants have used marks that are identical, substantially indistinguishable, and/or confusingly similar to the Chanel Marks in commerce and in connection with the sale of the Accused Products.

51. Consumers are likely to purchase Defendants' infringing products in the erroneous belief that Defendants are affiliated, connected or associated with Chanel or that Chanel is the source of the infringing products.

52. Defendants' acts described above have diluted and continue to dilute Chanel's unique and distinctive trademarks. Defendants' unlawful use of the Chanel Marks in connection with inferior, infringing goods such as the Accused Products is also likely to tarnish the Chanel Marks and cause blurring in the minds of consumers between Chanel and Defendants, thereby lessening the value of the Chanel Marks as unique identifiers of Chanel's products.

53. These acts violate the Lanham Act, have injured and, unless immediately restrained, will continue to injure Chanel, causing damage to Chanel in an amount to be determined at trial, as well as irreparable injury to Chanel's goodwill and reputation associated with the value of the Chanel Marks.

54. Upon information and belief, Defendants acted knowingly, deliberately, and willfully with the intent to trade on Chanel's reputation and to dilute the Chanel Marks. Defendants' conduct is willful, wanton, and egregious.

10
COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

55. Defendants' acts have caused and will continue to cause irreparable injury to Chanel. Chanel has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts unless it is enjoined by this Court.

56. In light of the foregoing, Chanel is entitled to injunctive relief prohibiting Defendants from using the Chanel Marks, or any marks confusingly similar thereto, and to recover all damages, including attorneys' fees, that Chanel has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action

## FOURTH CLAIM FOR RELIEF

### (Trademark Infringement under California Common Law)

57. Plaintiff repeats and realleges the allegations of the preceding paragraphs as though fully set forth herein.

58. Plaintiff owns all rights, title, and interest in and to the Chanel Marks, including all common law rights in said marks.

59. Defendants, without authorization from Plaintiff, used and continues to use spurious designations that are identical to, substantially indistinguishable from, or confusingly similar to the Chanel Marks.

60. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendants' Accused Products originate from, or are affiliated with, sponsored by, or endorsed by Chanel.

61. Upon information and belief, Defendants acted with knowledge of Plaintiff's ownership of the Chanel Marks, and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

62. Defendants' acts constitute trademark infringement in violation of the common law of the state of California.

11

63. Upon information and belief, Defendants made and will continue to make substantial profits and/or gains to which it is not in law or equity entitled.

64. Upon information and belief, Defendants intends to continue its infringing acts, unless restrained by this Court.

65. Defendants' acts have damaged and will continue to damage Chanel, and Chanel has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF

**(Unfair Competition Under California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200 et seq.)**

66. Plaintiff repeats and realleges the allegations of the preceding paragraphs as though fully set forth herein.

67. Defendants' appropriation, adoption and use of the Chanel Marks in connection with the sale and offering for sale of goods is likely to confuse or mislead consumers into believing that Defendants' goods are authorized, licensed, affiliated, sponsored, and/or approved by Plaintiff, thus constituting a violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, *et. seq.* ("UCL").

68. Upon information and belief, Defendants' deceptive, unfair, and fraudulent business practices were willfully undertaken with full knowledge of Plaintiff's rights in the Chanel Marks and with the intent to misappropriate Plaintiff's goodwill and reputation established in the Chanel Marks.

69. Defendants' conduct is unfair within the meaning of the UCL because it allows Defendants to benefit unjustly by virtue of the goodwill and positive reputation that members of the general public associate with Chanel and its products. As described herein, and on information and belief, Defendants have intentionally violated, and continues to violate, Plaintiff's rights in the Chanel Marks to enjoy the commercial benefits derived therefrom.

70. Defendants' conduct is fraudulent in violation of the UCL because Defendants are willfully and deliberately misleading the public by using in commerce

reproductions, counterfeits, copies, and/or colorable imitations of the Chanel Marks.

71. This conduct is likely to confuse the public as to whether Defendants' products are somehow associated, affiliated, or connected with Chanel, or vice versa.

72. As a direct and proximate result of the foregoing acts, Chanel has suffered and will continue to suffer significant injuries in an amount to be determined at trial. Chanel is entitled to all available relief provided for under the UCL, including an accounting and disgorgement of all illicit profits that Defendants made on account of its deceptive, unfair, and fraudulent business practices. Furthermore, because Chanel has no adequate remedy at law for Defendants' ongoing unlawful conduct, Chanel is entitled to injunctive relief prohibiting Defendants from unfair competition.

## SIXTH CLAIM FOR RELIEF

### (Unfair Competition Under California Common Law)

73. Plaintiff repeats and realleges the allegations of the preceding paragraphs as though fully set forth herein.

74. Chanel owns and enjoys common law trademark rights to the Chanel Marks in California and throughout the United States.

75. Defendants' unlawful acts in appropriating rights in the Chanel Marks was intended to capitalize on Chanel's goodwill for Defendants' own pecuniary gains. Chanel has expended substantial time, resources and effort to obtain an excellent reputation for itself and the Chanel Marks. As a result of Chanel's efforts, Defendants are now unjustly enriched and benefiting from property rights that rightfully belong to Plaintiff.

76. Defendants' unauthorized use of the Chanel Marks has caused and is likely to cause confusion as to the source of Defendants' products, all to the detriment of Plaintiff.

77. Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Plaintiff.

78. Defendants' acts constitute unfair competition in violation of the common

law of the state of California.

79. Plaintiff has been irreparably harmed and will continue to be irreparably harmed as a result of Defendants' unlawful acts unless Defendants is permanently enjoined from its unlawful conduct.

80. The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiff in reckless disregard of Plaintiff's rights in the Chanel Marks. Said conduct was despicable and harmful to Plaintiff and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendants and to deter Defendants from similar such conduct in the future.

81. Plaintiff has no adequate remedy at law.

82. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the Chanel Marks or marks identical and/or confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in their favor and against Defendants as follows:

1. Finding that:

   a. Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114) and Section 43 of the Lanham Act (15 U.S.C. § 1125(a), (c));

   b. Defendants have engaged in trademark infringement and unfair competition under the common law of the state of California;

   c. Defendants have engaged in unfair competition in violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, et. seq.; and

2. An order granting temporary, preliminary, and permanent injunctive relief restraining and enjoining Defendants, its agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them from using the Chanel Marks, including, but not limited to:

    a. Manufacturing, designing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products that bear the Chanel Marks or any other marks identical or substantially indistinguishable from or confusingly similar thereto, including, without limitation, the Accused Products, and engaging in any other activity constituting an infringement of any of Chanel's rights in the Chanel Marks; or

    b. Engaging in any other activity constituting unfair competition with Plaintiff, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations or designs associated with the Chanel® brand;

3. Ordering Defendants to recall from any distributors and retailers and to deliver to Plaintiff for destruction or other disposition all remaining inventory of all Accused Products and related items, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

4. Ordering Defendants to file with this Court and serve on Plaintiff within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendants has complied with the injunction;

5. Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been manufactured, designed, imported, advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendants, has been authorized by Plaintiff, or is related in any way related to, connected to, or affiliated with the Chanel® brand;

6. Ordering an accounting by Defendants of all gains, profits and advantages derived from their wrongful acts;

7. Awarding Plaintiff all of Defendants' profits and all damages sustained by Plaintiff as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

8. Awarding Plaintiff actual and punitive damages to which they are entitled under applicable federal and state laws;

9. Awarding treble damages in the amount of Defendants' profits or Plaintiff's damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b);

10. Awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1117(c);

11. Awarding applicable interest, costs, disbursements and attorneys' fees;

12. Awarding Plaintiff punitive damages in connection with their claims under California law; and

13. Awarding Plaintiff such additional and further relief as the Court deems just and proper.

Dated: December 18, 2023                    BLAKELY LAW GROUP


                                            By:   */s/ Tara A. Currie*
                                                  Tara A. Currie
                                                  ***Attorneys for Plaintiff***
                                                  ***Chanel, Inc.***

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Chanel, Inc. hereby demands a trial by jury as to all claims in this litigation.

Dated: December 18, 2023         BLAKELY LAW GROUP

By:   */s/ Tara A. Currie*
      Tara A. Currie
      ***Attorneys for Plaintiff Chanel, Inc.***